Slip Op. 15 -110

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| COMPOSITE TECHNOLOGY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Nicholas Tsoucalas, Senior Judge <br><br> Court No. 13-00205 |

**OPINION**

[Plaintiff's motion for summary judgment is denied; Defendant's cross-motion for summary judgment is granted.]

Dated: September 28, 2015

Joseph P. Cox and Mandy A. Edwards, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for Plaintiff.

Stephen C. Tosini, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington D.C., for Defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director. Of counsel on the action was Yelena Slepak, Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection, of New York, NY.

**Tsoucalas, Senior Judge:** This case is before the court on cross-motions for summary judgment. See Pl.'s Mot. For Summ. J., ECF No. 27 ("Pl.'s Br."); Def.'s Cross-Mot. For Summ. J., ECF No. 32 ("Def.'s Br."); Pl.'s Resp. to Def.'s Cross-Mot. For Summ. J., ECF No. 33; Def.'s Reply in Support of its Cross-Mot. For Summ. J., ECF No. 34. Plaintiff Composite Technology International,

Inc. ("Composite") challenges the decision of Defendant U.S. Customs and Border Protection ("Customs") denying Plaintiff's protest, which claimed that the imported merchandise is properly classified duty free under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 4412.99.51 (2012), "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other."  For the reasons stated below, the product at issue here is properly classified under HTSUS subheading 4421.90.97, and accordingly, Defendant's cross-motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

## BACKGROUND

The following facts are not in dispute.  Plaintiff is the importer of record.  Compl. ¶ 3, June 19, 2013, ECF No. 5.  In the instant action Plaintiff imported merchandise under Protest No. 2006-13-100540.  Pl.'s Br. Att. 2 at ¶ 1.

Pursuant to 19 U.S.C. § 1514(a)(4) (2012), on March 18, 2013, Plaintiff filed its protest to challenge Customs' decision to assess duty at the rate of 3.3% ad valorem.  Id. at ¶ 3. Plaintiff claimed that the imported merchandise is properly classified duty free under HTSUS 4412.99.51 as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one

outer ply of nonconiferous wood: Other: Other." Id. at ¶ 4. On April 17, 2013, Customs denied the protest, concluding that Composite's merchandise is classifiable under 4421.90.97, as "Other articles of wood: Other: Other: Other." Id. at ¶ 5.

The merchandise is wooden door stiles and rails that consist of a 9.5 millimeter-thick pine cap laminated to a base of laminated poplar wood layers, each with a thickness of less than six millimeters. Id. at ¶ 7, 8. The merchandise has a surface layer of pine wood that is used as the exposed surface. Id. at ¶ 10. Two of the imported items, the "79" MSD Latch Stile with 3/8" cap and the 79 Prem Stile with 3/8" Cap, have a rebate cut at both ends of the wood." Id. at ¶ 13. Other than the rebate cuts, the seven imported items are constructed the same, except that they are imported in various lengths and thicknesses. Id. at ¶ 14.

**JURISDICITON AND STANDARD OF REVIEW**

The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2012). The court reviews Customs' protest decisions de novo. 28 U.S.C. § 2640(a)(1). USCIT Rule 56 permits summary judgment when "there is no genuine issue as to any material fact . . . ." USCIT R. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In considering whether material facts are in dispute, the evidence must be considered in the light most

favorable to the non-moving party, drawing all reasonable inferences in its favor. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Anderson, 477 U.S. at 261 n.2.

A classification decision involves two steps. The first step addresses the proper meaning of the relevant tariff provisions, which is a question of law. See Faus Group, Inc. v. United States, 581 F.3d 1369, 1371-72 (Fed. Cir. 2009) (citing Orlando Food Corp. v. United States, 140 F.3d 1437, 1439 (Fed. Cir. 1998)). The second step involves determining whether the merchandise at issue falls within a particular tariff provision as construed, which, when disputed, is a question of fact. Id.

When there is no factual dispute regarding the merchandise, the resolution of the classification issue turns on the first step, determining the proper meaning and scope of the relevant tariff provisions. See Carl Zeiss, Inc. v. United States, 195 F.3d 1375, 1378 (Fed. Cir. 1999); Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1365-66 (Fed. Cir. 1998). This is such a case, and summary judgment is appropriate. See Bausch & Lomb, 148 F.3d at 1365-66.

While the court accords deference to Customs classification rulings relative to their "power to persuade," United States v. Mead Corp., 533 U.S. 218, 235 (2001) (citing

Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944)), the court has "an independent responsibility to decide the legal issue of the proper meaning and scope of HTSUS terms." Warner-Lambert Co. v. United States, 407 F.3d 1207, 1209 (Fed. Cir. 2005) (citing Rocknel Fastener, Inc. v. United States, 267 F.3d 1354, 1358 (Fed. Cir. 2001)).

## DISCUSSION

Classification disputes under the HTSUS are resolved by reference to the General Rules of Interpretation ("GRIs") and the Additional U.S. Rules of Interpretation. See Carl Zeiss, 195 F.3d at 1379. The GRIs are applied in numerical order. Id. Interpretation of the HTSUS begins with the language of the tariff headings, subheadings, their section and chapter notes, and may also be aided by the Explanatory Notes published by the World Customs Organization. Id. "GRI 1 is paramount . . . The HTSUS is designed so that most classification questions can be answered by GRI 1 . . . ." Telebrands Corp. v. United States, 36 CIT ___, ___, 865 F. Supp. 2d 1277, 1280 (2012).

Pursuant to GRI 1, merchandise that is described "in whole by a single classification heading or subheading" is classifiable under that heading. CamelBak Prods. LLC v. United States, 649 F.3d 1361, 1364 (Fed. Cir. 2011). If that single

classification applies, the succeeding GRIs are inoperative. Mita Copystar Am. v. United States, 160 F.3d 710, 712 (Fed. Cir. 1998). Here, GRI 1 resolves the classification of Composite's merchandise.

The court construes tariff terms according to their common and commercial meanings, and may rely on both its own understanding of the term as well as upon lexicographic and scientific authorities. See Len-Ron Mfg. Co. v. United States, 334 F.3d 1304, 1309 (Fed. Cir. 2003). The court may also refer to the Explanatory Notes "accompanying a tariff subheading, which—although not controlling—provide interpretive guidance." E.T. Horn Co. v. United States, 367 F.3d 1326, 1329 (Fed. Cir. 2004) (citing Len-Ron, 334 F.3d at 1309).

The issue before the court in the instant action concerns whether Composite's merchandise is properly classified under heading 4412 as "[p]lywood," "veneered panels," or "similar laminated wood," or under heading 4421 as "other articles of wood." Plaintiff argues that Composite's merchandise is classifiable under heading 4412. Pl.'s Br. at 1. Plaintiff insists that the subject merchandise fits squarely within the common meaning of "veneered panels," provided by lexicographical sources and supported by the Explanatory Notes. Id. at 2. Plaintiff relies

on the litigation in Boen Hardwood Flooring, Inc. v. United States, 26 CIT 253 (2002), reh'g granted, 27 CIT 40 (2003), rev'd, 357 F.3d 1262 (Fed. Cir. 2004) to support its contention that the 9.5 millimeter pine caps on its products must be treated as veneers. Id. at 15-18.  In the alternative, Plaintiff contends that the subject merchandise constitutes "similar laminated wood" because it is "laminated wood," and it possesses numerous characteristics in common with wood merchandise classified under Heading 4412. Id. at 18–20.  It does not appear that the Plaintiff asserts that Composite's merchandise can be classified as "plywood" under heading 4412.

As required by GRI 1, the court begins its inquiry with the relative sections and chapter notes to headings 4412.  Heading 4412, HTSUS, provides for "Plywood, veneered panels and similar laminated wood."  The explanatory notes to heading 4412 defines veneered panels as "panels consisting of a thin veneer of wood affixed to a base."  4412 Explanatory Note.  Apart from stating that a veneered panel must be "thin," heading 4412 does not specify the specific size a wooden product must be in order to be classified as a veneered panel.  The HTSUS, though, provides further guidance with regards to the specific size requirements for a wooden product to be considered a veneered panel in heading

4408. Heading 4408 defines sheets for veneering as having "a thickness not exceeding 6 mm." HTSUS 4408 (emphasis added).

The pine cap rails and stiles at issue here have a face plies that exceed six millimeters in thickness, and therefore conflicts with the language found in headings 4412, 4408, and their respective explanatory notes discussed above. See Def.'s Br. at Attachment B, ECF 32.2. The court therefore agrees with Defendant that Composite's merchandise cannot be classified as veneered panels under heading 4412.

Plaintiff argues that the Federal Circuit's holding in Boen supports its contention that Composite's merchandise is classifiable under heading 4412. The court disagrees. In Boen, the Federal Circuit held that the subject merchandise in dispute was of a plywood construction. See Boen, 357 F.3d at 1265–66. Although heading 4412 covers plywood, veneered panels, and similar laminated wood, the three types of wooden plies are not synonymous. 4412 Explanatory Note (Outlining each wooden plies' specific characteristics). The Federal Circuit in Boen defined plywood, but made no ruling as to what constitutes a veneer panel. Boen therefore does not support Plaintiff's position that Composite's merchandise is classifiable as a veneered panel.

Court No. 13-00205                                                Page 9

Additionally, the court disagrees with Composite that its merchandise is classifiable under heading 4412 as "similar laminated wood." Pl. Br. at 18-20. "Similar laminated wood" is defined in the Explanatory Notes for HTSUS heading 4412 as follows:

> [1] Blockboard, laminboard and battenboard, in which the core is thick and composed of blocks, laths or battens of wood glued together and surfaced with the outer plies. Panels of this kind are very rigid and strong and can be used without framing or backing.
> [2] Panels in which the wooden core is replaced by other materials such as a layer or layers of particle board, fibreboard, wood waste glued together, asbestos or cork.

Def.'s Br. at Attachment B at 1. The merchandise's base layers consist of wood of a thickness of less than two millimeters. Plaintiff does not allege that the merchandise contains a core of "blocks, laths, or battens." Moreover, the merchandise here is composed of wood and thus cannot fit within the second category of the "similar laminated wood" definition. Because Composite's merchandise does not meet the requirements outlined by the HTSUS and its respective explanatory notes with regards to what constitutes "similar laminated wood," the court concludes that Composite's merchandise cannot be classified as being a "similar laminated wood" under heading 4412.

As such, Composite's merchandise is not classifiable under Heading 4412. Plaintiff has not provided the court with a narrative to support its classification under any other heading in

Chapter 44 of the HTSUS, thus the only remaining heading under which the subject merchandise may be classified is heading 4421. Heading 4421 covers "other articles of wood" but excludes any that are "specified or included in the preceding headings." 4421 Explanatory Note. Accordingly, since the subject merchandise in the instant case cannot be classified under any other heading in chapter 44, the court concludes that the merchandise is properly classified under heading 4421.

## CONCLUSION

For the foregoing reasons, the court denies Plaintiff's motion for summary judgment, grants Defendant's cross-motion for summary judgment, and holds that Composite's merchandise at issue is properly classified under subheading 4421.90.97.

/s/ Nicholas Tsoucalas
**Nicholas Tsoucalas
Senior Judge**

**Dated:** September 28, 2015
**New York, New York**